ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| COOPERATIVA DE SEGUROS MÚLTIPLES DE PUERTO RICO Y PENTAGON FEDERAL CREDIT UNION<br><br>Apelados<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO Y OTROS<br><br>Apelantes | KLAN202401024 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm. BY2023CV02704<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparece el Estado Libre Asociado de Puerto Rico ("ELA" o "Apelante") mediante *Apelación Civil* y solicitan que revoquemos la *Sentencia* emitida el 5 de septiembre de 2024 y notificada el 6 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Bayamón ("TPI"). Mediante el referido dictamen, el TPI, sumariamente, declaró *Ha Lugar* la demanda instada por Pentagon Federal Credit Union ("Pentagon" o "Apelada") en contra del Apelante, sobre impugnación de confiscación, tras aplicar la figura de impedimento colateral por sentencia.

Por los fundamentos que expondremos a continuación, se *Confirma* la *Sentencia* apelada.

**I.**

El 15 de mayo de 2023, Pentagon y la Cooperativa de Seguros Múltiples de Puerto Rico ("Seguros Múltiples") presentaron una *Demanda*, mediante la cual impugnaron una confiscación efectuada por el Estado. El objeto confiscado era un vehículo de motor marca Ford, modelo F-150 XLT, año 2021, tablilla 1076357.

Según surge del expediente, el 18 de marzo de 2023, agentes del orden público ocuparon el vehículo, por violación a los Artículos 3.23 y 5.06 de la Ley Núm. 22 de 7 de enero de 2000, según enmendada, conocida como "*Ley de Vehículos y Tránsito de Puerto Rico*" ("Ley de Tránsito"), 9 LPRA secs. 5073 y 5126. Posteriormente, el 24 de marzo de 2024 se emitió una *Orden de Confiscación*, notificada el 13 de abril de 2023.

Pentagon y Seguros Múltiples alegaron que, la dueña registral no cometió el delito por el cual se confiscó el automóvil. Por tanto, solicitaron que se decretara la nulidad de la confiscación del vehículo, y que se ordenara su devolución.

El 12 de septiembre de 2023, cuestionada la legitimación activa de la parte demandante, el foro primario únicamente le reconoció legitimación activa a Pentagon para impugnar la confiscación.

Por otra parte, y en conexión con los alegados actos delictivos, el Ministerio Público presentó una *Denuncia* en contra de Francisco Falcón López, conductor del vehículo al momento de su ocupación, por violación a precitados artículos. No obstante, el 5 de abril de 2024, el Tribunal de Primera Instancia, Sala Municipal de Toa Baja, hizo una determinación de no causa para arresto.

Como corolario, el 23 de julio de 2024, Pentagon presentó una *Moción Solicitando Sentencia Sumaria*. La Apelada sostuvo que, el dictamen emitido bajo el procedimiento penal en contra del conductor del vehículo de *No Causa* para arresto significaba que, el automóvil no fue utilizado en los actos delictivos que originaron la confiscación. Por consiguiente, alegó que tal dictamen constituía un impedimento colateral por sentencia.

Así las cosas, el 3 de septiembre de 2024, el ELA instó su *Oposición a Solicitud del Demandante para que se Dicte Sentencia Sumaria*. En síntesis, el Apelante adujo que, la determinación de *No Causa* no presuponía que el vehículo no se utilizó en la comisión de un delito. Asimismo, expuso que, en el caso de marras, no era de aplicación la doctrina de impedimento colateral por sentencia, conforme a lo resuelto en *Universal Ins. y otro v. ELA y otros*,

211 DPR 455 (2023). Consecuentemente, arguyó que, en ausencia de evidencia conducente a derrotar la presunción de legalidad y corrección de la confiscación civil, no procedía disponer sumariamente del pleito.

El 5 de septiembre de 2024, el foro de instancia dictaminó una *Sentencia*, notificada el 6 de septiembre de 2024. El foro apelado concluyó que, debido a que un Tribunal determinó que "*no había ni una mera posibilidad de que el Sr. Falcón López haya incurrido en la conducta conocida como regateo, al punto de no determinar causa probable para arresto contra el mismo*"[1], no podía determinar que existía prueba suficiente y preponderante de que el vehículo fue utilizado en la conducta delictiva imputada. Asimismo, el foro apelado emitió el siguiente pronunciamiento:

> Dado a que la conducta delictiva imputada por el Estado en el caso civil de confiscación, es intrínsecamente la misma conducta imputada al conductor del vehículo, y que por su naturaleza, los elementos del delito no pueden ser divisivos entre el vehículo de motor y la actuación de su conductor, una vez se adjudica la conducta este último como una conducta no delictiva, tal adjudicación resulta ser, para todos los efectos jurídicos y prácticos, una adjudicación expresa en cuanto a la no participación del vehículo en actividad de regateo. Nuestro estado de derecho no admite otra conclusi[ó]n lógica.[2]

Por lo tanto, el TPI resolvió *Con Lugar* la solicitud de sentencia sumaria instada por Pentagon y, como resultado, declaró *Ha Lugar* la demanda de epígrafe.

Inconforme, el 13 de septiembre de 2024, el ELA presentó una *Reconsideración a Sentencia Sumaria*. El Apelante recalcó que, ante la inexistencia de una adjudicación expresa de que el vehículo no fue utilizado en la comisión de un delito, no procedía la aplicación de la figura de impedimento colateral por sentencia.

Ese mismo día, el foro primario denegó la solicitud de reconsideración mediante *Orden*, notificada el 16 de septiembre de 2024. El TPI expresó lo siguiente:

> [E]l vehículo confiscado objeto del pleito de autos no estuvo envuelto en el delito imputado, lo cual es final y firme. Sin embargo, el Gobierno esboza que la parte demandante no ha demostrado que el vehículo "no fue utilizado en la comisión de

---

[1] Véase, Apéndice de la Parte Apelante, a la pág. 94 (*Sentencia*).
[2] *Íd.*, a la pág. 98.

algún delito." <u>¿En qué posible delito puedo haber sido utilizado el vehículo?</u> Si no hubo regateo, ¿qué prueba este Tribunal podría evaluar de la parte demandante para derrotar la presunción de la legalidad de la confiscación? ¿No le estaría requiriendo el Tribunal a la parte demandante probar un negativo?[3]

Insatisfecho aún, el 15 de noviembre de 2024, el ELA acudió ante esta Curia mediante *Apelación Civil*. El Apelante realizó el siguiente señalamiento de error:

> **Erró el Tribunal de Primera Instancia al declarar "Ha Lugar" sumariamente la *Demanda* de Pentagon, a pesar de que ello era improcedente conforme a derecho, pues de la determinación de "No Causa" para arresto contra el conductor del automóvil al momento de su ocupación no surge una adjudicación expresa de que el automóvil no fue utilizado en los actos ilícito por los que fue confiscado, de forma que se pudiese aplicar al caso la doctrina de impedimento colateral por sentencia.**

Por su parte, el 7 de enero de 2025, Pentagon presentó su *Alegato de la Parte Apelada*. Perfeccionado el recurso y contando con la comparecencia de las partes, procedemos a resolver.

## II.

### -A-

El mecanismo de sentencia sumaria dispuesto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R.36, permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones donde no exista controversia material de hecho que requiera ventilarse en un juicio plenario, y el derecho así lo permita. *León Torres v. Rivera Lebrón*, 204 DPR 20 (2020). Mediante el mismo, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *Íd.* Este cauce sumario resulta beneficioso tanto para el tribunal, como para las partes en un pleito, pues se agiliza el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Íd.*

---

[3] Véase, Apéndice de la Parte Apelante, a la pág. 113 (*Orden*).

Al presentar una moción de sentencia sumaria, al amparo de la Regla 36.2 de Procedimiento Civil, *supra,* se deberá cumplir con los siguientes requisitos de forma: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. *Pérez Vargas v. Office Depot/Office Max, Inc.*, 203 DPR 687 (2019).

Al considerar la solicitud, el Tribunal deberá asumir ciertos los hechos no controvertidos que se encuentran sustentados por los documentos presentados por el promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). La inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues sólo procede si bajo ningún supuesto de hechos prevalece el promovido. *Íd.*, pág. 625. Conforme a esta normativa procesal, la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación. *León Torres v. Rivera Lebrón, supra.* Por el contrario, viene obligada a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho el promovente en su solicitud, puesto que, de incumplir, corre el riesgo de que se dicte sentencia sumaria en su contra, de la misma proceder en derecho. *Íd.*

En la oposición a una solicitud de sentencia sumaria, el promovido debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están

en disputa y que impiden que se dicte sentencia sumaria en su contra. *Íd.* Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* Al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente en todo momento que su determinación puede conllevar el que se prive a una de las partes de su día en corte, componente integral del debido proceso de ley. *Íd.*

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Rivera Rodríguez v. Rivera Reyes*, 168 DPR 193, 212 (2006). Además, existen casos que no se deben resolver mediante sentencia sumaria porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "*casos complejos o aquellos en los que estén presentes cuestiones de interés público*". *Íd.*, pág. 579.

Por otro lado, sabido es que, cuando un Tribunal emita una sentencia, especificará los hechos que fueron probados y consignará separadamente sus conclusiones de derecho. 32 LPRA Ap. V, R. 42.2. En lo aquí pertinente, si el Tribunal deniega una moción de sentencia sumaria, no concede todo el remedio solicitado o no resuelve la totalidad del pleito, la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.4, expresa que "*será obligatorio que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos [...]*". Lo anterior simplifica el desfile

de prueba en el juicio, pues los hechos no controvertidos se consideran probados. *Ramos Pérez v. Univisión,* 178 DPR 200, 221 (2010).

Además, y según dispuesto por el Tribunal Supremo de Puerto Rico, los criterios de revisión apelativa ante una sentencia sumaria son los siguientes: (1) no se puede considerar prueba no presentada ante el nivel de instancia; (2) no se puede adjudicar hechos materiales en controversia; (3) la revisión apelativa es *de novo*; (4) se debe examinar el expediente de la manera más favorable hacia quien se opone a la solicitud de sentencia sumaria; (5) se debe observar que las mociones cumplan con los requisitos de la Regla 36 de Procedimiento Civil de 2009, *supra,* y lo discutido en *SLG Zapata Rivera v. JF Montalvo, 189 DPR 414 (2013)*; (6) debe exponer los hechos materiales controvertidos y los incontrovertidos si los hubiese; y (7) ante un caso donde no existan hechos materiales en controversia, el tribunal apelativo procederá a revisar *de novo* si el TPI aplicó correctamente el Derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118-119 (2015).

> Asimismo, nuestro más Alto Foro señaló que:
>
> [...] el Tribunal de Apelaciones debe: 1) examinar de *novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra*, y la jurisprudencia le exigen al foro primario; 2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de formas codificados en la referida Regla 36, *supra*; 3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos; 4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar de *novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia. *Roldán Flores v. M. Cuebas,* 199 DPR 664, 679 (2018).

Conforme a lo anterior, nos encontramos en la misma posición que el Tribunal de Primera Instancia para evaluar la procedencia de una sentencia sumaria. *González Santiago v. Baxter Healthcare*, 202 DPR 281 (2019). A tal efecto, nuestra revisión es una *de novo*, y el análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa. *Íd.* De esta manera, si encontramos que

los hechos materiales realmente están incontrovertidos, debemos revisar de novo si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Íd.*

**-B-**

En nuestro acervo jurídico, se reconoce la figura del impedimento colateral por sentencia, como una modalidad de la doctrina de cosa juzgada. *Puerto Rico Wire Products, Inc., v. C. Crespo & Asociados Inc., supra.* El impedimento colateral por sentencia "*surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y se determina mediante sentencia válida y final, [y] tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas*". *A & P General Contractors, Inc. v. Asociación Caná, Inc.*, 110 DPR 753, 762 (1981). Es decir, el impedimento colateral por sentencia impide que se litigue en un litigio posterior un hecho esencial que fue adjudicado mediante sentencia final en un litigio anterior. *Puerto Rico Wire Products, Inc., v. C. Crespo & Asociados Inc., supra.*

No obstante, a diferencia de la doctrina de cosa juzgada, la aplicación de la figura de impedimento colateral por sentencia no exige la identidad de causas, esto es, que la razón de pedir plasmada en la demanda sea la misma en ambos litigios. *Rodríguez v. Colberg*, 131 DPR 212, 219 (1989). Sobre la identidad de causas, en *A & P General Contractors, Inc. v. Asociación Caná, Inc., supra,* pág. 765, el Tribunal Supremo señaló que, en el contexto particular de la doctrina de cosa juzgada y de impedimento colateral por sentencia, tal requisito significa el fundamento capital, es decir, el origen de las acciones o excepciones planteadas y resueltas.

El propósito de la figura del impedimento colateral por sentencia es promover la economía procesal y judicial y amparar a los ciudadanos del acoso que necesariamente conlleva litigar en más de una ocasión hechos ya adjudicados. *Puerto Rico Wire Products, Inc., v. C. Crespo & Asociados Inc., supra.* El impedimento colateral por sentencia se manifiesta en dos modalidades, la defensiva y la ofensiva. *A&P General Contractors, Inc. v.*

*Asociación Caná, Inc.*, *supra,* pág. 758. La modalidad defensiva le permite al demandado levantar la defensa de impedimento colateral por sentencia, a los fines de impedir la litigación de un asunto levantado y perdido por el demandante en un pleito anterior frente a otra parte. *Íd.* De otro lado, la modalidad ofensiva es articulada por el demandante en un litigio posterior para impedir que el demandado re litigue los asuntos ya dilucidados y perdidos frente a otra parte. *Íd.* Como se puede apreciar, el denominador común entre ambas modalidades es que la parte afectada por la interposición del impedimento colateral ha litigado y ha perdido el asunto en el pleito anterior. *Íd.; Puerto Rico Wire Products, Inc., v. C. Crespo & Asociados Inc., supra.*

Como corolario de lo anterior, es inevitable concluir que no procede la interposición de la doctrina de impedimento colateral por sentencia -ya sea en su vertiente ofensiva o defensiva- cuando la parte contra la cual se interpone (1) no ha tenido la oportunidad de litigar previamente el asunto y (2) no ha resultado ser la parte perdidosa en un litigio anterior. *Puerto Rico Wire Products, Inc., v. C. Crespo & Asociados Inc., supra.*

**-C-**

La confiscación es el acto por medio del cual el Estado puede ocupar y hacer suya toda propiedad que haya sido utilizada como parte de la comisión de determinados delitos graves y menos graves. *Coop. Seg. Múlt. v. ELA,* 180 DPR 655, 662 (2011); *Centeno Rodríguez v. ELA,* 170 DPR 907, 912-913 (2007).

En nuestro ordenamiento, se han reconocido dos (2) variantes de la confiscación: la de carácter criminal, conocida como confiscación *in personam* y la de carácter civil, conocida como confiscación *in rem. Coop. Seg. Múlt. et als. v. ELA et al.*, 209 DPR 796, 805 (2022); *MAPFRE v. ELA*, 188 DPR 517, 525 (2013).

La confiscación *in personam* va dirigida contra la persona imputada de delito. Si el imputado resulta culpable de la comisión del delito, la sentencia incluirá la confiscación de la propiedad incautada. *Universal Ins.*

*y otro v. ELA y otros, supra,* pág. 464, citando a *Coop. Seg. Múlt. et als. v. ELA et al., supra.*

Por otro lado, la confiscación *in rem* va dirigida contra la cosa misma, y no contra su dueño, poseedor, encargado u otra persona con interés legal sobre ella. *Universal Ins. y otro v. ELA y otros, supra*, pág. 464. Para que una confiscación civil o *in rem* proceda se deben satisfacer los siguientes dos (2) elementos: (1) debe existir prueba suficiente y preponderante de que se ha cometido un delito, y; (2) debe demostrarse que existe un nexo causal entre la comisión del delito y la propiedad confiscada. *Íd.*, pág. 466. Lo crítico, es que el Estado demuestre que la propiedad confiscada se utilizó en una actividad delictiva. *Íd.*

En aras de regular la confiscación *in rem*, nuestra Asamblea Legislativa aprobó la Ley Núm. 119 de 12 de julio de 2011, según enmendada, conocida como "*Ley Uniforme de Confiscaciones de 2011*" ("Ley 119-2011"), 34 LPRA sec. 1724 *et. seq.*

Teniendo en cuenta la premura con la que debe ser atendida una confiscación, la Ley 119-2011 "*sostiene y reafirma la naturaleza in rem de las confiscaciones, independiente de cualquier otra acción de naturaleza penal, administrativa o de cualquier otra naturaleza*". 34 LPRA sec. 1724 nota.

De igual manera, el Artículo 8 de la Ley 19-2011, *supra*, lee como sigue:

> Se dispone que, no será de aplicación en los procesos de confiscación, la doctrina de Impedimento Colateral por Sentencia en las siguientes instancias:
>
> a) Cuando el acusado haya hecho alegación de culpabilidad;
>
> b) cuando el acusado se someta a un programa de desvío;
>
> c) cuando el acusado fallezca antes o en medio del proceso que se esté llevando a cabo contra su persona;
>
> d) en ausencia de alguna adjudicación expresa en otro proceso penal, civil o administrativo, que se celebre por los mismos hechos que dieron lugar a la confiscación, en la cual se determine que el bien confiscado no fue utilizado en la comisión de algún delito; y

e) en cualquier otra instancia que no se cumplan con los requisitos de la doctrina.

Ahora bien, el Tribunal Supremo ha resuelto que la doctrina de impedimento colateral por sentencia no aplica de manera automática a procedimientos de impugnación de confiscación relacionados a los mismos hechos de una acción penal previamente adjudicada. *Coop. Seg. Múlt. v. E.L.A.*, *supra*, pág. 673. No obstante, el Tribunal Supremo ha resuelto que "*la absolución en los méritos adjudica con finalidad irrevisable el hecho central, tanto del caso criminal como el de confiscación, de que el vehículo no se utilizó para [la comisión del delito]*". *Coop. Seg. Múlt. v. E.L.A.*, *supra*, págs. 673-674. De igual modo, en *Del Toro v. E.L.A.*, 136 DPR 973, 993 (1994), nuestro más Alto Foro concluyó que una determinación final y firme de no causa en vista preliminar constituye cosa juzgada en su modalidad de impedimento colateral por sentencia en el pleito de confiscación.

### III.

El ELA aduce que el foro primario incidió al aplicar la doctrina de impedimento colateral por sentencia en un pleito sobre confiscación *in rem*, tras un dictamen de *No Causa* para arresto emitido en un procedimiento penal en contra del conductor del vehículo confiscado. No le asiste la razón. Veamos.

Tras una revisión *de novo* de la totalidad del expediente que obra ante nos, determinamos que no existen hechos materiales en controversia. Ahora bien, es un hecho incontrovertido que, bajo el procedimiento penal, el TPI no encontró causa para arresto en contra del conductor del vehículo. De tal modo que, un Tribunal ya adjudicó, de manera final y firme, los hechos relacionados a la alegada actividad delictiva en la que estuvo involucrado el bien confiscado. En otras palabras, dicho dictamen tuvo el efecto de adjudicar con finalidad el hecho central, tanto en el caso criminal como en el de confiscación, es decir, que el objeto confiscado no se utilizó en carreras clandestinas. Asimismo, se eliminó el nexo causal entre la comisión del delito y la propiedad confiscada.

Concordamos con el análisis del foro de instancia, a los efectos de determinar lo siguiente:

> El elemento esencial del delito de regateo es precisamente el conducir un vehículo junto a uno o más vehículos de motor en exceso de velocidad, en competencia de aceleración o de velocidad entre los vehículos. Por ello, **su naturaleza no permite separar la conducta prohibida y penalizada al acto realizado por el conductor del vehículo. Lo contrario presupondría que el vehículo incurrió en regateo de forma independiente a la actuación de su conductor**, cosa que nos llevaría a resultados ilógicos y carentes de sentido práctico o jurídicos.[4]

(Énfasis suplido)

Precisa destacar que, mediante su oposición a la moción de sentencia sumaria, el ELA no logró demostrar que el vehículo confiscado se utilizó para cometer la actividad delictiva que justificó la ocupación de dicha propiedad. Por tanto, ante esa realidad fáctica, no vemos impedimento para dictar sentencia sumaria. Así dispuesto, resulta forzoso concluir que el foro de instancia no erró al declarar *Ha Lugar*, sumariamente, la demanda sobre impugnación de confiscación.

**IV**

Por los fundamentos que anteceden, se *Confirma* la *Sentencia* apelada.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones. La jueza Álvarez Esnad disiente con las siguientes expresiones: Con mucho respeto disiento de la determinación a la que advino la mayoría de este Panel. El Estado entre sus alegaciones expuso que, en el caso de marras, no era de aplicación la doctrina de impedimento colateral por sentencia, conforme a lo resuelto en *Universal Ins. y otro v. ELA y otros*, 211 DPR 455 (2023). No empece a lo antes expuesto, la mayoría de este Panel, no distingue en la Sentencia emitida la Opinión de nuestra Más Alta Curia del presente caso. Por tanto, conforme a la Ley de Confiscaciones Uniforme

---

[4] Véase, Apéndice de la Parte Apelante, a la pág. 99 (*Sentencia*).

de 2011, según enmendada y la normativa jurídica vigente, no puedo colegir

con la mayoría de este Panel.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones